UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERDMAN COMPANY and ERDMAN
ARCHITECTURE & ENGINEERING
COMPANY                                                                                              PLAINTIFFS

VS.                               CASE NO. 2:10-CV-2045
                                  *Lead case*

PHOENIX LAND & ACQUISITION, LLC;
PHOENIX HEALTH, LLC                                                                                  DEFENDANTS

ERDMAN COMPANY and ERDMAN
ARCHITECTURE & ENGINEERING
COMPANY                                                                          THIRD PARTY PLAINTIFFS

VS.

DATA TESTING, INC.,
OTIS ELEVATOR COMPANY, and
LONG'S DRILLING SERVICE, INC.                                        THIRD PARTY DEFENDANTS

---

PHOENIX HEALTH, LLC and
IPF, LLC                                                                                  CONSOLIDATED PLAINTIFFS

VS.                               CASE NO. 2:11-CV-2067
                                  *Member Case*

ERDMAN ARCHITECTURE &
ENGINEERING COMPANY and
OTIS ELEVATOR COMPANY                                              CONSOLIDATED DEFENDANTS

**ORDER**

Before the Court is Defendant and Consolidated Plaintiff Phoenix Health, LLC's ("Phoenix") Motion for Summary Judgment or in the Alternative for Partial Summary Judgment. (ECF No. 93). Plaintiff and Consolidated Defendant Erdman Company ("Erdman") has

1

responded in opposition (ECF No. 100), and Phoenix has replied. (ECF No. 104). The matter is ripe for the Court's consideration. For the following reasons, the motion for partial summary judgment will be granted.

## BACKGROUND

Phoenix hired Erdman under a fixed-price design–build contract to design and build an addition to its Fort Smith hospital. The total cost was to be roughly $13.3 million. During construction, Erdman encountered problems drilling an elevator shaft for the project, and that caused damage to completed parts of the project as well. After a dispute about who was liable, Phoenix stopped paying Erdman, and Erdman stopped working. When Erdman stopped working, it left unused materials on the jobsite. Erdman later filed suit seeking, among other remedies, foreclosure of its contractors' lien on the project. (ECF No. 1, at 5). Phoenix now moves the Court to declare parts of that lien unenforceable as a matter of law.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Phoenix asks the Court to grant summary judgment declaring parts of Erdman's contractors' lien invalid as a matter of law and to either reduce or dismiss the lien. The legal problem with the lien, according to Phoenix, is that it includes amounts for profits and for materials that were not incorporated into the project. Pheonix argues that Arkansas law generally disallows both.

Erdman does not dispute that its lien contains amounts for profits and unincorporated materials,[1] but responds that, because the contract was a fixed-price contract, it may include amounts for profits and unincorporated materials. The Motion before the Court is thus narrow: it seeks judgment on only one part of one claim.

---

[1] Phoenix has been unable to discover the specific amounts of those inclusions, and Erdman hasn't disclosed them.

I.   **Inclusion of profits**

Erdman argues that liens on fixed-price contracts may include profits. Phoenix argues that such liens may not include profits unless the project was completed.

Arkansas law is clear that liens on completed fixed-price-contract projects may include profits. *Shaw v. Rackensack Apartment Corp.*, 174 Ark. 492, 295 S.W. 966, 968 (Ark. 1927); *Wells v. Griffin*, 266 Ark. 763, 766, 586 S.W.2d 239, 241 (Ark. Ct. App. 1979). Arkansas law is not clear, however, on whether the project *must* be completed if the lien is to include profits, as Phoenix argues. Still, law and reason counsel strongly in favor of requiring completion.

*Shaw* strongly suggests that completion is required. *Shaw* relied heavily on the fact that the project there was completed. The court noted that "there was a contact for a sum of money for the *completed* job, and therefore the items of labor, as well as the cost of the material, together formed the aggregate amount of the *completed* job." *Shaw*, 295 S.W. at 968 (emphasis added). The court further noted that "what the [owner] calls profits…formed a part of the price of putting in the improvement as a *completed* job, and the [contractor] was entitled to a lien for the amount due him." *Id.* (emphasis added). The court in *Withrow v. Wright,* 215 Ark. 654, 657, 222 S.W.2d 809, 811 (Ark. 1949), took the same view of *Shaw*. *Shaw*, according to *Withrow*, held that a contractor "was entitled to a lien for the balance due him under the contract *when he had performed it*." *Id.* (citing *Shaw*, 295 S.W. at 968) (emphasis added). Thus, *Shaw* strongly implies that completion is required.

Moreover, *Shaw's* focus on completion is consistent with the rationale for including profits in fixed-price projects in the first place. The point of including profits in fixed-price contracts is not specifically to credit the contactor's profits. Indeed, if the goal of liens was to credit profits, it would be difficult to explain Arkansas's preclusion of lienable profits in cost-

4

plus contracts. *See Hickman v. Kralicek Realty and Const. Co.*, 84 Ark. App. 61, 68, 129 S.W.3d 317, 322 (Ark. Ct. App. 2003). Rather, the point of including profits in liens for fixed-price contracts is simply to give the contractor the amount for which it contracted, instead of worrying about what part of that amount was profit. Fixed-price contracts are contracts "to furnish the labor and material for a certain sum of money, and it would be wholly immaterial whether the contractor made a profit or suffered a loss." *Shaw* 295 S.W. at 968. When a contractor completes a fixed-price project, he has earned his fixed price. If he profited, fine. If he came out behind, that's fine too. It's the fixed price that matters, not the profit.

Once it becomes clear that the doctrine of lienable profits in fixed-price contracts is not really about profits, it becomes equally clear that project completion is required. Profit and loss have relevance only when the project is completed; only then is the existence of profit apparent. Until completion, then, giving a lien on profits is impossible. The contractor may show a profit at 74-percent completion, but suffer a loss at 100-percent completion. In sum, for fixed-price contracts, the contact price is what matters, not the profit.

Thus, law and reason preclude Erdman from including profit in its lien for an uncompleted fixed-price project.

 II.     **Inclusion of unincorporated materials**

Phoenix also argues that Erdman may not include in its lien materials that were not incorporated into the project. Erdman's products were apparently stored on the construction site—that is, they were delivered but not used. Erdman concedes that the lien includes unincorporated materials, but argues that under a fixed-price contract, a lien may encompass the total contract price, even if that price includes materials not actually used in the project.

Arkansas plainly burdens lien claimants with showing that the materials they furnished were used in the projects for which they seek liens.[2] *E.C. Barton & Co. v. Neal*, 263 Ark. 40, 42–44, 562 S.W.2d 294, 295–96 (Ark. 1978); *Del Mack Constr., Inc. v. Owens*, 82 Ark. App. 415, 419–20, 118 S.W.3d 581, 584–585 (Ark. Ct. App. 2003). The Arkansas statute providing mechanics' liens states that "[e]very contractor, subcontractor, or material supplier…who supplies…material…in the construction or repair of an improvement to real estate…by virtue of a contract with the owner…, shall have, to secure payment, a lien upon the improvement…." ARK. CODE ANN. § 18-44-101 (West 2012). The statute gives liens to those who supply material "*in* the construction," not to those who merely store materials *near* the construction.

The logic of the statute is clear: those who supply material in an improvement have a lien on the improvement. When a supplier increases the value of real estate, it has a lien on that value increase. *See E.C. Barton & Co*, 263 Ark. at 43, 562 S.W.2d at 295 (saying of a predecessor statute, "We think the statute was intended to enforce justice; that the party who has enhanced the value of the property by the incorporation therein of his material or labor shall have security in the same…."); *Del Mack*, 82 Ark. App. at 419–20, 118 S.W.3d at 584–85.

Applying the statute's logic to this case, the improvement to Pheonix's real estate for which it contracted with Erdman was not materials delivered and stored on-site, but rather materials incorporated into a structure: a hospital addition. Accordingly, materials not included in that improvement are not subject to Erdman's lien.

---

[2] In certain situations, delivery of materials to a jobsite raises a presumption that the materials were used, and the jobsite owner must then rebut that presumption, because the owner is in the best position to know which materials were used and which were not. *Stone Mill & Lumber Co. v. Finsterwalder*, 249 Ark. 363, 365–66, 459 S.W.2d 117, 118–19 (Ark. 1970). The present case, however, does not involve that situation, because Erdman admits that its lien includes materials not used in the project.

## CONCLUSION

Relying on undisputed facts, the Court finds that Erdman's contractors' lien improperly includes amounts for profits and for unincorporated materials. Therefore, Defendant and Consolidated Plaintiff Phoenix's Motion for Partial Summary Judgment (ECF No. 93) should be and hereby is **GRANTED**. Erdman may not claim amounts for profits and unincorporated materials in its contractors' lien. The remaining parts of Erdman's lien still stand. Phoenix's Renewed and Supplemental Motion for Summary Judgment (ECF No. 120), which is essentially duplicative of Phoenix's summary judgment motion at ECF No. 93, should be and hereby is **DENIED AS MOOT**.

IT IS SO ORDERED, this 4th day of September, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge