UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERDMAN COMPANY; and ERDMAN
ARCHITECTURE & ENGINEERING
COMPANY                                                                    PLAINTIFFS

VS.                        CASE NO. 2:10-CV-2045
                              *Lead case*

PHOENIX LAND & ACQUISITION, LLC;
PHOENIX HEALTH, LLC                                               DEFENDANTS

ERDMAN COMPANY; and ERDMAN
ARCHITECTURE & ENGINEERING
COMPANY                                                   THIRD PARTY PLAINTIFFS

VS.

DATA TESTING, INC.;
OTIS ELEVATOR COMPANY; and                   THIRD PARTY DEFENDANTS

_____

PHOENIX HEALTH, LLC; and
IPF, LLC                                                 CONSOLIDATED PLAINTIFFS

VS.                        CASE NO. 2:11-CV-2067
                             *Member Case*

ERDMAN ARCHITECTURE &
ENGINEERING COMPANY; and
OTIS ELEVATOR COMPANY                        CONSOLIDATED DEFENDANTS

## **ORDER**

Before the Court is Erdman Company's ("EC") Motion for Partial Summary Judgment

(Statute of Limitations). (ECF No. 175). Phoenix Health, LLC ("Phoenix Health") and IPC, LLC

("IPF") have responded (ECF No. 236), and EC has replied. (ECF No. 253). The matter is ripe

for the Court's consideration. For the following reasons, the motion will be denied.

## BACKGROUND

The background pertinent to the instant motion is as follows. There are three related Phoenix entities in this case: (1) Phoenix Health, which owns the land on which the construction project in this case was done; (2) Phoenix Land & Acquisition ("Phoenix Land"), which is a business organization and Phoenix Health's lessee in charge of handling construction on the land; and (3) IPF, LLC, which is a business organization that is loosely a successor to Phoenix Land. There are two related Erdman entities: (1) Erdman Company, the general contractor hired for the project in this case; and (2) Erdman Architecture & Engineering Company ("EAEC") (formerly MEA 1, Inc. of Wisconsin), a design firm to which Erdman Company subcontracted the design work. On top of those five parties, there are actually two *cases* in this consolidated action: *Erdman v. Phoenix*, No. 2:10-cv-2045, the lead case; and *Phoenix v. Erdman*, No. 2:11-cv-2067, the member case.

Erdman Company and Erdman Architecture began the lead case, No. 10-2045, by filing suit against Phoenix Land, Phoenix Health, and several banks to foreclose liens on the project after quitting the job following non-payment. (ECF No. 1). Phoenix Land (but not Phoenix Health or IPF) counterclaimed against EC on several theories, including negligence and fraudulent misrepresentation. (ECF No. 15, at 15-16). Phoenix Land amended its counterclaim in September 2012.[1] (ECF No. 141). That amended counterclaim is mostly the same as the original counterclaim, and is not at issue in the pending motion.

Phoenix Health and IPF began the member case, No. 11-2067, by filing suit against EAEC and Otis Elevator Company for negligence. (No. 11-2067, ECF No. 1). Phoenix Health and IPF amended their complaint in September 2012. (ECF No. 140). That amended complaint

---

[1] The amended counterclaim is brought in the name of Phoenix Land and Phoenix Health, but none of the counts in the counterclaim is brought on behalf of Phoenix Health.

adds to the original complaint claims against EC for negligence, fraudulent misrepresentation, and violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"). (ECF No. 140, at 14-16). Those added claims against EC are the subject of the pending motion. EC argues that the negligence and fraudulent-misrepresentation claims are barred by the statute of limitations since they appear for the first time in the amended complaint.[2]

## STANDARD OF REVIEW

The standard of review for summary judgment is well established.  The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995).  The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). *See also Agristar Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson*, 477 U.S. at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna*

---

[2] EC does not seem to argue that Phoenix Health and IPF's ADTPA claim, which has a limitations period of five years, ARK. CODE ANN. § 4-88-115, is untimely.

*Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Phoenix Health and IPF—which the Court will together call "Phoenix"—do not seriously dispute that the tort claims in their amended complaint reach outside the statute of limitations, which for those actions is three years from the tortious act. *O'Mara v. Dykema*, 328 Ark. 310, 317, 942 S.W.2d 854, 858 (Ark. 1997) (torts generally); *Adams v. Wolf*, 73 Ark. App. 347, 352, 43 S.W.3d 757, 761 (Ark. Ct. App. 2001) (fraud). Rather, Phoenix makes a series of arguments concluding that its untimely tort claims either (1) relate back to its timely original complaint; or (2) may be added to Phoenix Land and Phoenix Health's amended *counterclaim* in the lead case. Phoenix's first argument is correct; the Court will therefore not address the other.

### I.    Whether Fed. R. Civ. P. 15(c)(1)(C) allows adding parties

Phoenix argues that Fed. R. Civ. P. 15(c)(1)(C) makes its amended complaint relate back to its original complaint, thereby making the amended complaint timely. Erdman argues in response that Rule 15(c) allows relation-back only when the amendment *changes* a party, not when it adds one. Since Phoenix's amendment did not merely change a party, but rather added one, Phoenix's amendment cannot, according to Erdman, relate back to its original complaint.

Rule 15(c)(1)(C) allows relation-back when "the amendment changes the party or the naming of the party against whom a claim is asserted…." Fed. R. Civ. P. 15(c)(1)(C). There is

some dispute about whether Rule 15(c) countenances the addition of parties or merely the substitution of parties. The Court finds that the better reading of the rule allows the addition of parties.

The cases finding it forbidden to add parties take the narrow view of the rule's strict wording. *See, e.g.*, *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that…such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[.]"); *Miracle of Life, LLC v. N. Am. Van Lines, Inc.*, 368 F. Supp. 2d 499, 502 (D.S.C. 2005) ("In the court's opinion, the plain language of the rule only contemplates relation back when a new party is substituted for an existing [party], and not in the present situation where a new party is simply added."). According to this view, since the rule does not say anything about adding parties, the rule must forbid it.[3] Though this view is not without support, the Court finds it contrary to the general thrust of the rule: keeping parties from being drug into suits late in the game without having had notice of the claims against them.

Wright & Miller note that Rule 15(c)(1)(C) should be governed by the general purpose of Rule 15(c) notice, rather than a stilted and technical reading. 6A Charles Alan Wright & Arthur R. Miller *et al.*, *Federal Practice & Procedure* § 1498.2 (3d ed. 2012) ("The better practice, however, is to determine the propriety of the amendment in light of the Rule 15(c) notice requirements."). That is why "[t]he Rule's description of when [an] amendment relates back to the original pleading focuses on the *notice to the new party* and *the effect on the new party* that the amendment will have." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 470 (4th Cir. 2007) (concluding that Rule 15(c) applies to adding parties); *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1259 (11th Cir. 2008) ("[W]e have previously applied [Rule 15(c)(1)(C)] to

---

[3] The narrow view also creates the odd result of forbidding changes to *multiple* parties, since the rule refers to "the" party. Fed. R. Civ. P. 15(c)(1)(C).

situations in which new plaintiffs were added."); *see also Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1192 (3rd Cir. 1994) (Becker, J., dissenting) ("I feel constrained to conclude that Rule 15(c)(3) allowed [plaintiff] to relate back the *addition* of the Carlinos as defendants."). The Supreme Court too has approvingly quoted Wright & Miller's view: "in order for an amendment *adding* a party to relate back under Rule 15(c) the party to be *added* must have received notice…." *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986) (quoting 6C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1498 (Supp. 1986)) (emphasis added).[4] In sum, "[t]he lynchpin is notice," and Rule 15(c)'s other provisions provide the requisite notice protection. *Id.*

The Court thus finds that Rule 15(c)(1)(C) allows relation-back for amendments that add new parties.

## II.    Whether Fed. R. Civ. P. 15(c)(1)(C) otherwise applies

Having found that Rule 15(c) may apply to this case as a legal matter, the Court must decide whether it applies specifically on the facts. The rule applies where three requirements are met: (1) the amendment asserts a claim that arose out of the conduct set out in the original pleadings; and (2) within 120 days of the date the original pleading was filed, the added party: (i) received enough notice that it will not be prejudiced in defending on the merits; and (ii) should have known that it would have been a party originally if not for a mistake about its identity. Fed. R. Civ. P. 15(c)(1)(C).

---

[4] The Court recognizes that the 1991 amendments to Rule 15(c) overruled the holding of *Schiavone*, *Lundy*, 34 F.3d at 1185 (Becker, J., dissenting), but that amendment does not weaken the Supreme Court's particular reliance on the Wright & Miller provision at issue as it applies to this case. Moreover, the 1991 amendments themselves reflect a liberal construction of Rule 15(c): "The rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Fed. R. Civ. P. 15 advisory committee's note–1991 amendment.

Erdman does not seem to dispute that the negligence and fraudulent-misrepresentation claims in Phoenix's amended complaint arise out of the same conduct featured in the original complaint. All of Phoenix's claims in the lead case and in the member case, regardless of whom they're asserted against, arise from the building of its hospital addition in Fort Smith. The first requirement of Rule 15(c) relation-back is therefore met.

The next two requirements concern the first 120 days after the original complaint was filed. Phoenix must first show that during that period, Erdman received enough notice of the claims Phoenix might make against it to avoid any prejudice to Erdman.  Fed. R. Civ. P. 15(c)(1)(C)(i). "The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Makro Capital of Am.*, 543 F.3d at 1260 (quoting *Davenport v. United States*, 217 F.3d 1341, 1345 n.8 (11th Cir. 2000) (citation omitted)). "A party who is on notice long before the statute of limitations expires that he is an intended defendant, and who suffers no harm from the failure to have been named as a defendant at the outset, is in the same position as a defendant sued within the statute of limitations." *Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011).

It is apparent in this case that when Phoenix filed its complaint in the member case, Erdman was on notice that it was a reasonable target of that complaint. On May 12, 2010, Phoenix Land filed a counterclaim in the lead case asserting the same claims against Erdman that Phoenix Health added to its amended complaint. That counterclaim was filed well before Phoenix Health's original complaint was filed in the member case on April 19, 2011. Erdman knew the Phoenix entities were related, and that at least one of them was making negligence and misrepresentation claims against it. Erdman therefore cannot claim a lack of notice about Phoenix Health's negligence and misrepresentation claims against it.

The next thing Phoenix must show is that Erdman should have known that it would have been made a party at the outset if not for a mistake about its identity. There was at least an arguable mistake in this case about Erdman's and EAEC's identities. They were obviously related, but how related was not clear. It stands to reason that in this case, where each main party has at least two closely related entities, someone could make a mistake about whom to sue. *See Krupski v. Costa Crociere S.P.A.*, ——U.S.——, 130 S. Ct. 2485, 2494 (2010) ("A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B."). That seems to be what Phoenix has done. Erdman should have known, given that it is the main Erdman entity and given that its relationship with EAEC is fairly close, that it would have been named in Phoenix Health's original complaint but for a mistake.

Accordingly, the Court finds that all of the Rule 15(c)(1)(C) relation-back requirements are met in this case, and that Phoenix Health and IPF's amended complaint (ECF No. 141) relates back to their original complaint. Because the amended complaint relates back to the original complaint, the claims in the amended complaint are timely.

## CONCLUSION

For the above reasons, the Court finds that Phoenix Health and IPF's negligence and misrepresentation claims against Erdman Company are timely, having been saved by relation back to their original complaint. Accordingly, Erdman's Motion for Partial Summary Judgment (Statute of Limitations) (ECF No. 175) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 25th day of February, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge

8