UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| ERDMAN COMPANY; and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | PLAINTIFFS |
| VS. | CASE NO. 2:10-CV-2045 *Lead case* | |
| PHOENIX LAND & ACQUISITION, LLC; PHOENIX HEALTH, LLC | | DEFENDANTS |
| ERDMAN COMPANY; and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | THIRD PARTY PLAINTIFFS |
| VS. | | |
| DATA TESTING, INC.; OTIS ELEVATOR COMPANY; and | | THIRD PARTY DEFENDANTS |

___

| | | |
|---|---|---|
| PHOENIX HEALTH, LLC; and IPF, LLC | | CONSOLIDATED PLAINTIFFS |
| VS. | CASE NO. 2:11-CV-2067 *Member Case* | |
| ERDMAN ARCHITECTURE & ENGINEERING COMPANY; and OTIS ELEVATOR COMPANY | | CONSOLIDATED DEFENDANTS |

**ORDER**

Before the Court is Erdman Company and Erdman Architecture & Engineering Company's (together, "Erdman") Motion for Partial Summary Judgment (Economic Loss). (ECF No. 199). The Phoenix entities have responded (ECF No. 214), and Erdman has replied. (ECF

No. 246). The matter is ripe for the Court's consideration. For the following reasons, the motion will be denied.

## BACKGROUND

The instant motion centers on the parties' contractual relation to one another and the damages they claim in this case. The case concerns a construction project gone wrong. Phoenix Health owns the land on which the project was built. Phoenix Land & Acquisition is a group mostly of doctors that leased the land from Phoenix Health and contracted with Erdman to build, among other buildings, a hospital addition on the land. IPF, LLC is another group mostly of doctors that effectively—though not technically—operates as a successor to Phoenix Land.

In July 2008, while drilling a hole for an elevator on the project, the drilling subcontractor breached an abandoned mine shaft. That breach caused subsidence problems, which were costly to fix, and which allegedly led to Phoenix running out of money to finish the project. All three Phoenix entities have sued Erdman for negligence relating to the breach. Erdman now moves for summary judgment on the Phoenix entities' negligence claims because those claims seek damages for solely economic losses, which, according to Erdman, should be barred by the economic-loss rule.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristar Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

The material facts are not disputed. The motion turns on the applicability of the economic-loss rule in Arkansas generally and to this case specifically.

### I.    The economic-loss rule generally

The economic-loss rule is a court-imposed limitation on damages claims where only economic loss is at issue.[1] *See Seely v. White Motor Co.*, 403 P.2d 145, 151 (Cal. 1965)

---

[1] The Court is mindful of Professor Dobbs's point that there is really no singular economic-loss rule, but rather several rules applied in specific situations to achieve a single result: barring recovery for solely economic loss. *See* Dan B. Dobbs *et al.*, *The Law of Torts* § 607 (2d ed. 2012); *see also Annett Holdings, Inc. v. Kum & Go, L.C.*, 801

3

(Traynor, J.) ("Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone."). Where the rule applies, a party cannot recover damages if there has been no injury to person or property, even if the party has still suffered an actual loss in economic terms. Dan B. Dobbs *et al.*, *The Law of Torts* § 449 (2d ed. 2012).

Arkansas stands among the three states that have not adopted the economic-loss rule. Glenn Ritter, Comment, *Economic Loss Rule in Ark.: Everyone Else Has it, Why Don't We?*, 64 ARK. L. REV. 455, 456 (2011). That is not to say, however, that Arkansas has *rejected* the rule in all cases. Thus, while it has rejected the rule in strict-liability product-defect cases, *Farm Bureau Ins. Co. v. Case Corp.*, 317 Ark. 467, 470–71, 878 S.W.2d 741, 743 (Ark. 1994), Arkansas has not explicitly considered at all whether to reject or adopt the rule in plain negligence cases. *Bayer CropScience LP v. Schafer*, 2011 Ark. 518, at 15, ––S.W.3d––. Erdman urges this Court to go where the Arkansas Supreme Court has not gone by considering and adopting the economic-loss rule in a negligence case. The Court declines to do so.

## II. Economic loss in Arkansas negligence cases

At least two points show that the economic-loss rule does not apply to Arkansas cases asserting negligence. First and fundamentally, the rule is a creature of judicial birth. *Indemnity Ins. Co. v. Am. Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004) (economic loss rule is a "judicially created doctrine"). If the rule has not been adopted by the courts of a particular jurisdiction, then the rule does not exist there. Thus, without a positive showing that Arkansas *has* adopted the

---

N.W.2d 499, 502–04 (Iowa 2011) (discussing various types of economic-loss rules). This lack of singularity is born out by Erdman's own urging that the Court adopt *either* the economic-loss rule *or* an independent-duty rule. (ECF No. 200, at 3). Nevertheless, singular reference is not likely to mislead in this opinion, and so the Court will not delineate all the rules that each operate as an economic-loss rule.

rule, this Court would be breaking new ground in applying it.[2] That alone is not reason enough not to apply it, but it certainly weighs against doing so. Indeed, "[i]t is not the role of a federal court to expand state law in ways not foreshadowed by state precedent." *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 673 (8th Cir. 2009) (quoting *City of Philadelphia v. Beretta USA Corp.*, 277 F.3d 415, 421 (3d Cir. 2002)).

Second, Arkansas has impliedly cold-shouldered the economic-loss rule in negligence cases. In two cases, Arkansas state courts have condoned the recovery of solely economic losses where negligent road construction kept patrons—and thus, their money—away from businesses. *Mine Creek Contractors, Inc. v. Grandstaff*, 300 Ark. 516, 519–20, 780 S.W.2d 543, 544 (Ark. 1989)[3]; *Guerin Contractors, Inc. v. Reaves*, 270 Ark. 710, 714, 606 S.W.2d 143, 145 (Ark. Ct. App. 1980); *but see Carvin v. Ark. Power & Light Co.*, Civ. No. 09-6055, 1991 WL 540481, at *5 (W.D. Ark. Dec. 2, 1991) ("We do not believe that the Arkansas courts if faced with the issue would allow plaintiffs to recover from defendants for the purely economic losses stemming from the loss of the bridge.").

The import of the way Arkansas treats road-closure negligence cases is illumined by comparison to the way other states treat them: by barring them. *See, e.g.*, *Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124, 126 (Iowa 1984) ("The cases uniformly hold that a person who sustains economic loss only cannot recover in damages from persons whose negligent conduct damages bridges, regardless of how vital to the claimant be the flow of commerce that is interrupted."); *TS & C Investments, LLC v. Beusa Energy, Inc.*, 637 F. Supp. 2d

---

[2] The Arkansas Supreme Court's most recent opinion on the subject supports this interpretation. When speaking of applying the economic-loss rule to negligence cases, the court acknowledged that such an application would be an "extension" of the doctrine. *Bayer CropScience*, 2011 Ark. 518 at 15.

[3] The court in *Mine Creek* did imply a contractual angle to the negligence claim, but the court plainly recognized that the only claim that went to the jury was for negligent construction, a claim the court condoned. *Id.* at 519, 780 S.W.2d at 544.

370, 374–81 (W.D. La. 2009) (applying economic-loss rule to businesses economically damaged by closure of Interstate 10 from an oil-well blowout). The Court must therefore assume that Arkansas's minority stance against the tide of limiting economic-loss damages is not accidental, but willing.

## CONCLUSION

For the above reasons, the Court finds that the economic-loss rule does not apply to any claims in this case. Accordingly, Erdman's Motion for Partial Summary Judgment (Economic Loss Doctrine) (ECF No. 199) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 25th day of February, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge