UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| ERDMAN COMPANY; and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | PLAINTIFFS |
| VS. | CASE NO. 2:10-CV-2045 *Lead case* | |
| PHOENIX LAND & ACQUISITION, LLC; PHOENIX HEALTH, LLC | | DEFENDANTS |
| ERDMAN COMPANY; and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | THIRD PARTY PLAINTIFFS |
| VS. | | |
| DATA TESTING, INC.; OTIS ELEVATOR COMPANY; and | | THIRD PARTY DEFENDANTS |

_____

| | | |
|---|---|---|
| PHOENIX HEALTH, LLC; and IPF, LLC | | CONSOLIDATED PLAINTIFFS |
| VS. | CASE NO. 2:11-CV-2067 *Member Case* | |
| ERDMAN ARCHITECTURE & ENGINEERING COMPANY; and OTIS ELEVATOR COMPANY | | CONSOLIDATED DEFENDANTS |

**ORDER**

Before the Court is Erdman Company and Erdman Architecture & Engineering Company's (together, "Erdman") Motion for Partial Summary Judgment (Compulsory Counterclaim). (ECF No. 186). Phoenix Health has responded. (ECF No. 215). The matter is ripe for the Court's consideration. For the following reasons, the motion will be denied.

The instant motion concerns a simple question of law—the facts are agreed. "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Hupp v. U.S. Dep't of the Army*, 144 F.3d 1144, 1146 (8th Cir. 1998).

The dispute concerns the effect of Phoenix Health's failure to raise certain compulsory counterclaims against Erdman in the lead case, *Erdman v. Phoenix*, 2:10-cv-2045. After failing to raise those counterclaims in the lead case, Phoenix Health raised them as direct claims in the member case, *Phoenix v. Erdman*, 2:11-cv-2067. Erdman now moves the Court to dismiss Phoenix Health's claims in the member case, arguing that Phoenix Health forfeited those claims by not raising them as counterclaims in the lead case. The Court finds dismissal inappropriate.

Ordinarily, if a party does not raise a counterclaim that is compulsory under Federal Rule of Civil Procedure 13(a), the party is barred from raising that claim at a later date. *Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807, 813 (8th Cir. 2005) (citing *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003)). Rule 13(a)'s compulsory-counterclaim requirement "was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *S. Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962). The rule is underlain by a policy of judicial economy. *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 962 (7th Cir. 1982); *Provident Life & Acc. Ins. Co. v. United States*, 740 F. Supp. 492, 496 (E.D. Tenn. 1990).

Under ordinary circumstances, then, Phoenix Health would be barred from raising in the member case the claims it failed to assert as counterclaims in the lead case. The circumstances of this case, however, are unordinary. Here the lead case and the member case have been consolidated (ECF No. 88), so there is no possibility of multiple actions and fractured proceedings. *See Provident Life & Acc. Ins. Co.*, 740 F. Supp. at 496 (dismissing later-raised

2

compulsory counterclaims in consolidated case "would not further any of the policies behind [Rule] 13(a)."). It would therefore not serve the policy of the rule to dismiss Phoenix Health's claims in the member case. Moreover, it would not be "just, speedy, and inexpensive." Fed. R. Civ. P. 1

Accordingly, the Court finds that Erdman's Motion for Partial Summary Judgment (Compulsory Counterclaim) (ECF No. 186) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 25th day of February, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge