UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| ERDMAN COMPANY; and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | PLAINTIFFS |
| VS. | CASE NO. 2:10-CV-2045 *Lead case* | |
| PHOENIX LAND & ACQUISITION, LLC; PHOENIX HEALTH, LLC | | DEFENDANTS |
| ERDMAN COMPANY; and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | THIRD PARTY PLAINTIFFS |
| VS. | | |
| DATA TESTING, INC.; OTIS ELEVATOR COMPANY; and | | THIRD PARTY DEFENDANTS |

_____

| | | |
|---|---|---|
| PHOENIX HEALTH, LLC; and IPF, LLC | | CONSOLIDATED PLAINTIFFS |
| VS. | CASE NO. 2:11-CV-2067 *Member Case* | |
| ERDMAN ARCHITECTURE & ENGINEERING COMPANY; and OTIS ELEVATOR COMPANY | | CONSOLIDATED DEFENDANTS |

## **ORDER**

Before the Court is Erdman Company and Erdman Architecture & Engineering Company's (together, "Erdman") Motion for Partial Summary Judgment (Lack of Insurance). (ECF No. 183). The Phoenix Entities ("Phoenix") have responded (ECF No. 216), and Erdman has replied. (ECF

No. 247). The matter is ripe for the Court's consideration. For the following reasons, the motion will be denied.

## BACKGROUND

This case is about a construction project to build a hospital addition in Fort Smith that was halted and later abandoned when drilling on the project breached a mineshaft which led to subsidence. Phoenix faults Erdman for that breach and the ensuing damages. Erdman faults Phoenix for breaching the parties' contract by not paying for the project to be finished.

The instant motion concerns what parts of Phoenix's damages claims in this case might have been avoided if Phoenix Land had complied with the mandatory-insurance clause in its contract with Erdman. That clause required Phoenix Land to buy builder's-risk insurance that would protect the "interest" of Erdman against damages to the construction project from various causes including fire, theft, flood, and collapse. Phoenix did purchase such a policy, but it did so under the name of Ambulatory Surgery Center instead of Phoenix Land, the name it used in its contract with Erdman. Erdman argues that that misnomer rendered the policy ineffective, which constituted a breach of the mandatory-insurance clause.

Had Phoenix Land's policy complied with the contract, Erdman argues, much of the damages Phoenix seeks in this case could have been recouped from the insurer instead of from Erdman. Erdman therefore contends that Phoenix should be precluded from recouping whatever damages it could have avoided by complying with the mandatory-insurance clause. Phoenix responds that (1) there is no certainty that the insurance policy it purchased did not in fact comply with the contract; and (2) even if the policy did not comply, Erdman still has not shown that that failure caused Erdman any harm.

After considering the issue, however, the Court concludes that Erdman's motion essentially asks the Court to determine an insurance-coverage issue that is not ripe.

**DISCUSSION**

    **I.**    **Ripeness doctrine**

Article III courts like this one preside over "cases" and "controversies." U.S. Const. ar. III, § 2, cl. 1. Ripeness is among the doctrines that hold Article III courts to deciding live controversies rather than prematurely adjudicating "abstract disagreements." *Neb. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000) (quoting *Abbott Labs v. Gardner*, 387 U.S. 136, 148 (1967)).

Ripeness "requires that before a federal court may address itself to a question, there must exist 'a real, substantial controversy between the parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Id.* (quoting *Babbitt v. United Farm Workers*, 442 U.S. 289, 298 (1979)) (internal quotations omitted). Because it goes to a court's constitutional jurisdiction, ripeness may be raised by the Court if not raised by the parties.[1] *Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 808 (2003).

    **II. Ripeness in this case**

There are ripeness concerns entwined in Erdman's summary judgment motion. Erdman is essentially asking for a declaration of coverage under the builder's-risk insurance policy. In other words, the instant motion hangs on the questions whether an actual policy obtained by Phoenix meets certain requirements and covers certain damages. Erdman asks the Court to answer those questions, and that fact is not changed merely because Erdman dresses its request in contract clothing.

    Ordinarily, "[i]n the insurance policy coverage context, a declaratory judgment action is ripe irrespective of whether the underlying litigation is ongoing or resolved." *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC*, 620 F.3d 926, 934 (8th Cir. 2010). In the ordinary case,

---

[1] Phoenix has raised the issue of Erdman's failure to show denial of coverage under the policy, but has raised it as an issue of harm/damages rather than ripeness. (ECF No. 216, at 6).

however, the party claiming to be covered has "made a clear demand for payment…and because [the insurer] disputed those demands, there is a live justiciable controversy…." *Aetna Cas. & Surety Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992). In that situation, "[t]he lines are drawn, the parties are at odds, the dispute is real." *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

Erdman has made no such claim on the policy Phoenix purchased, or at least has not shown that it has. Nor has it shown any reason why it would not be entitled to make a claim on the policy. Instead, it asks the Court to find that Phoenix failed to purchase a contract-complaint policy, and to declare what would have happened *if* Phoenix had purchased the right policy and *if* Erdman had made a claim under that policy. The Court is not able to offer that prediction.

Because Erdman's "claimed injury is contingent on future possibilities and is speculative," *Hartford Acc. & Indem. Co. v. Doe Run Res. Corp.*, 663 F. Supp. 2d 771, 775 (E.D. Mo. 2009), its request for judgment declaring that injury is premature, and presents no ripe controversy for the Court to decide.

## CONCLUSION

The dispute raised in Erdman's motion is not ripe. Accordingly, the Court finds that Erdman's Motion for Partial Summary Judgment (Insurance) (ECF No. 183) should be and hereby is **DENIED**. Moreover, because it presents no justiciable issue, Erdman's lack-of-insurance argument may not be used as a claim or defense in this case.

IT IS SO ORDERED, this 17th day of July, 2013.

                                                          /s/ Susan O. Hickey
                                                          Susan O. Hickey
                                                          United States District Judge