UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| ERDMAN COMPANY; and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | PLAINTIFFS |
| VS. | CASE NO. 2:10-CV-2045 *Lead case* | |
| PHOENIX LAND & ACQUISITION, LLC; PHOENIX HEALTH, LLC | | DEFENDANTS |
| ERDMAN COMPANY; and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | THIRD PARTY PLAINTIFFS |
| VS. | | |
| DATA TESTING, INC.; OTIS ELEVATOR COMPANY; and | | THIRD PARTY DEFENDANTS |

---

| | | |
|---|---|---|
| PHOENIX HEALTH, LLC; and IPF, LLC | | CONSOLIDATED PLAINTIFFS |
| VS. | CASE NO. 2:11-CV-2067 *Member Case* | |
| ERDMAN ARCHITECTURE & ENGINEERING COMPANY; and OTIS ELEVATOR COMPANY | | CONSOLIDATED DEFENDANTS |

**ORDER**

Before the Court is Erdman Company and Erdman Architecture & Engineering Company's (together, "Erdman") Motion for Partial Summary Judgment (Consequential Damages). (ECF No. 179). The Phoenix entities have responded (ECF No. 218), and Erdman has

replied. (ECF No. 244). The matter is ripe for the Court's consideration. For the following reasons, the motion will be granted in part and denied in part.

## BACKGROUND

The instant motion requires the Court to define and apply the effects of a consequential-damages waiver in a construction contract between Phoenix Land and Erdman Company under which Erdman was to build Phoenix Land a hospital addition in Fort Smith. Phoenix Land has made several claims against Erdman, including ones for breach of contract, negligence, and fraudulent misrepresentation.

Erdman's contract with Phoenix Land contains a mutual waiver of consequential damages, which, according to Erdman, bars Phoenix Land's claim for such damages in this case.

## DISCUSSION

The instant motion raises questions of law about the interpretation of a contract; the material facts are not disputed. "Under general principles of contract law, 'the meaning of an unambiguous contract presents a question of law appropriate for summary judgment.'" *Erker v. Am. Comm. Mut. Ins. Co.*, 663 F. Supp. 2d 799, 805 (D. Neb. 2009) (quoting *McCormack v. Citibank, N.A.*, 100 F.3d 532, 538 (8th Cir. 1996)).

The consequential-damages waiver at issue reads as follows:

> **12.8** **Mutual Waiver of Consequential Damages**
>
>> 12.8.1. The Design-Builder and Owner agree to waive claims against each other for consequential damages arising out of or relating to the Design-Build Contract. This mutual waiver includes damages incurred by the Owner for rental expenses, for losses of use, income, profit, financing, business and reputation, and for loss of management or employee productivity or of the services of such persons;….

(ECF No. 198-1, at 26).

      a.      What the waiver does not cover

Before tackling what the waiver *does* cover, the Court may quickly state what the waiver does not cover. It does not cover any claims against Erdman *Architecture*, because Erdman Architecture is neither a party nor a third-party beneficiary to the contract containing the waiver. Nor does it cover any of Phoenix *Health* or *IPF's* claims, for the same reason that Erdman Architecture is not covered: those entities are neither parties nor third-party beneficiaries to the contract. Finally, it effectively does not even cover Phoenix Land's contract claims against Erdman, because the Court has separately found that Phoenix Land breached the contract without excuse, and therefore Phoenix Land cannot be entitled to damages on the contract. (ECF No. 259).

The question remaining is whether the waiver applies to Phoenix Land's *non-contract* claims against Erdman.

      **b. Exculpatory clauses v. damages waivers**

The answer to the question of the waiver's scope must bear in mind that by its own terms, the waiver waives damages, not entire theories of recovering damages, i.e., theories of liability. The waiver is not, in other words, an exculpatory clause, as Phoenix suggests. Exculpatory clauses limit fundamental liability for a party's acts. "Exculpatory Clause" *Black's Law Dictionary* (9th ed. 2009) ("A contractual provision relieving a party from liability resulting from a negligent or wrongful act."). The term damages deals not with acts per se, but with the consequences of acts. "Consequential Damages" *Black's Law Dictionary* (9th ed. 2009) ("Losses that do not flow directly and immediately from an injurious *act* but that result indirectly from the *act*.") (emphasis added). Accordingly, all of the policy considerations that demand greater scrutiny of exculpatory clauses, *Ingersoll-Rand Co. v. El Dorado Chem. Co.*, 373 Ark. 226, 231–

3

32, 283 S.W.3d 191, 195 (Ark. 2008), do not apply to consequential-damages waivers like the one at issue in this case.

### c. Whether the damages waiver covers Phoenix Land's non-contract claims

Determining the reach of a contract begins with two questions, both questions of law: (1) is the contract ambiguous?; and (2) if not, what is the reach of the contract? *Artman v. Hoy*, 370 Ark. 131, 136, 257 S.W.3d 864, 869 (Ark. 2007) (interpretation of unambiguous contract is a question of law); *Fryer v. Boyett*, 64 Ark. App. 7, 11, 978 S.W.2d 304, 306 (Ark. Ct. App. 1998) (whether a contract is ambiguous is a question of law).

Contract interpretation seeks primarily to: (1) give the contract language the meaning the parties intended; (2) give the words their plain and ordinary meaning; and (3) read the parts as a harmonious whole. *First Nat'l Bank of Crossett v. Griffin*, 310 Ark. 164, 169–70, 832 S.W.2d 816, 819 (Ark. 1992) (citing cases).

The consequential-damages waiver at issue in this case is unambiguous. It reaches claims for consequential damages "arising out of or relating to the Design-Build Contract." (ECF No. 198-1, at 26). The Court must therefore determine which of Phoenix's non-contract claims arises under or is related to the contract.

### 1. *Negligence claims*

Phoenix Land's negligence claims are not very specific. The only theory the Court can make out in Phoenix Land's negligence claim against Erdman is one based on the alleged insufficient disclosure of the relationship between Erdman Company and Erdman Architecture. (ECF No. 141, at 10-11). That theory arises out of the contract because it is premised on the parties' relationship and the disclosures each owed to the other.

2. *Breach of implied warranty*

Phoenix Land's implied-warranty claims also arise out of the contract. In fact, Phoenix's implied-warranty claims, which seek to enforce implied warranties of workmanlike manner and reasonable fitness, are supplanted by those express guarantees in the contract. The contract states that "Design Services shall be performed with the skill and care ordinarily used by members of the design profession" in similar conditions, time, and location. (ECF No. 198-1, at 20). The contract also states that "[t]he Construction Services shall be performed in a workmanlike manner." (ECF No. 198-1, at 21).

"[W]here a contract contains an express warranty on the subject of an asserted implied warranty, the former is exclusive and there is no implied warranty on that subject." *Bullington v. Palangio*, 345 Ark. 320, 327, 45 S.W.3d 834, 838 (Ark. 2001) (citing *Carter v. Quick*, 263 Ark. 202, 206, 563 S.W.2d 461, 463 (Ark. 1978) (citations omitted)).

Because Phoenix's implied-warranty theories are deemed to be based on contractual guarantees, those warranty claims arise under the contract and are covered by the consequential-damages waiver.

3. *Fraudulent misrepresentation*

Phoenix's remaining fraudulent-misrepresentation claim (the others have been dismissed)[1] also arises under the contract. The remaining misrepresentation claim is based on Erdman's alleged false statement that the mine subsidence was a "differing site condition." The effect of such a statement has meaning only in relation to a crucial contract term: "differing site condition."

---

[1] Phoenix's fraudulent-misrepresentation claim based on the relationship between EC and EAEC was dismissed in ECF No. 313. Phoenix's fraudulent-misrepresentation claims based on various other theories have been dismissed in ECF No. 312.

Because the contract governs the meaning and effect of Erdman's misstatement, Phoenix's claim based on that misrepresentation arises under the contract and is covered by the consequential damages waiver.

4.      *Breach of fiduciary duty*

Phoenix's fiduciary-duty claim also arises under the contract. Phoenix's counterclaim alleges that "EC entered into a fiduciary relationship with Phoenix Land when it contractually agreed to proceed on the basis of trust and good faith." (ECF No. 141, at 13). Because Phoenix's fiduciary-duty claim is explicitly premised on the contract, that claim is covered by the contract's consequential-damages waiver.

5.      *Arkansas Deceptive Trade Practices Act*

Phoenix's remaining ADPTA claim (the others were dismissed)[2] also arises under the contract. The remaining ADTPA claim follows the fraudulent-misrepresentation in being premised on Erdman's statements about the cause of the subsidence and its status as a "differing site condition." Like the misrepresentation claim, therefore, Phoenix's ADTPA claim arises under the contract and is covered by the consequential-damages waiver.

## CONCLUSION

For the above reasons, the Court finds that Erdman's Motion for Partial Summary Judgment (Consequential Damages) (ECF No. 179) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

The motion is granted as to Phoenix Land's claims against Erdman Company for (1) negligence regarding the relationship between EC and EAEC; (2) breach of implied warranties; (3) fraudulent misrepresentation; (4) breach of fiduciary duty; and (5) ADTPA violations that

---

[2] Phoenix's other ADTPA claims followed its fraudulent-misrepresentation claims, and were dismissed along with those claims. (ECF Nos. 312 & 313).

arise under the design-build contract and are therefore covered by the contract's consequential-damages waiver. Phoenix Land is precluded from recovering consequential damages on those claims.

The motion is denied as to Phoenix Land's claims against Erdman Architecture and Phoenix Health and IPF's claims against Erdman and Erdman Architecture. For these specific party configurations, consequential damages may be sought.

IT IS SO ORDERED, this 17th day of July, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
