IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| ERDMAN COMPANY and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | PLAINTIFFS |
| VS. | CASE NO.: 2:10-CV-2045 *Lead case* | |
| PHOENIX LAND & ACQUISITION, LLC; PHOENIX HEALTH, LLC | | DEFENDANTS |
| ERDMAN COMPANY and ERDMAN ARCHITECTURE & ENGINEERING COMPANY | | THIRD PARTY PLAINTIFFS |
| VS. | | |
| DATA TESTING, INC., OTIS ELEVATOR COMPANY, and LONG'S DRILLING SERVICE, INC. | | THIRD PARTY DEFENDANTS |
| PHOENIX HEALTH, LLC and IPF, LLC | | CONSOLIDATED PLAINTIFFS |
| VS. | CASE NO.: 2:11-CV-2067 *Member Case* | |
| ERDMAN ARCHITECTURE & ENGINEERING COMPANY and OTIS ELEVATOR COMPANY | | CONSOLIDATED DEFENDANTS |

**ORDER**

Before the Court is a Motion to Bifurcate filed on behalf of Erdman Company, Erdman Architecture & Engineering Company (collectively "Erdman") and Otis Elevator Company. (ECF No. 273). The Phoenix entities have filed a response in opposition to the motion. (ECF No. 319).

The Court finds this matter ripe for consideration.

Erdman has filed claims against Otis Elevator Company for breach of contract and indemnification. (ECF No. 156). Erdman and Otis request that the Court bifurcate these claims from the "main" trial. Their two-sentence justification for this request reads as follows:

> Bifurcating Erdman's claims against Otis from the main trial will be more convenient for all parties involved, will expedite and economize the main trial, and will prevent confusion in the mind of the jurors as to what issues they must decide. Further, there is a chance that the issues between Erdman and Otis may be deemed moot depending on the outcome of the main trial.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b). The court should consider the interests of judicial economy and avoiding confusion. *Koch Fuels v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983).

Upon consideration, the Court finds that the motion should be and hereby is **DENIED**. The interests of judicial economy will not be served by the bifurcation of Erdman's claims against Otis, nor is it likely that confusion will result from these claims being litigated in the main case. In light of the movants' complete lack of exposition supporting their bifurcation request, the Court finds that further elaboration is not necessary.

**IT IS SO ORDERED**, this 24th day of July, 2013.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge